RHEINSTEIN DRY GOODS CO. v. BETTIE McDOUGALL et al.

(Filed 25 November, 1908).

**1. Partnership—Credit Given—Statement of Partnership—Credit Agency—Notice of Error.**

When a person notifies a credit agency that information previously given to it, that he was a member of a certain firm, was erroneous, he is not responsible to those of its patrons selling to the firm, relying upon the information that he was a member, after a reasonable time given the agency to notify them of the error.

**2. Partnership—Principal and Agent—Notice to Produce Letters—Attorney and Client.**

Defendant informed a credit agency in reply to its request, by letter, that he was a member of a certain firm. The agency, by its general methods, informed its patrons, and one of them advanced credit to the firm upon the faith of the defendants being a partner. Thereafter, defendant notified the agency by letter, of which no copy was made, that his former letter was erroneous and that he was not one of the firm. The patron of the agency sued defendant to recover for goods sold and delivered. Notice to produce the second letter was given in ample time, before trial, to the attorney of plaintiff and to a local branch of the agency. *Held*, (1) Parol evidence of the contents of the letter was admissible upon failure of plaintiffs to produce letter; (2) The credit agency was the agent of the principal, and notice to the principal's attorney was sufficient; (3) The reply to notice to the local branch that all correspondence had been sent to an office of the credit agency beyond the State, was insufficient.

ACTION tried before *Long, J.,* and a jury, April Term, 1907, of NEW HANOVER. Defendants appealed.

:  .K. McClammy and M. L. John for defendant.
Plaintiff not represented in this court.

CLARK, C. J.  The appellant is the same defendant (Monroe), and the question is in regard to liability incurred by him for the same firm as in *Drewry v. McDougall,* 145 N. C., 286.  In October, 1902, Monroe wrote a letter to R. G. Dun & Co., in reply to their inquiry, in which he stated that he, with others named, was a member of the firm of B. & S. McDougall.  R. G. Dun & Co. gave that information to the plaintiff company, one of their patrons, who sold goods to said B. &. S. McDougall from 5 January to 27 March, 1903. The defendant Monroe sought to show that he notified R. G. Dun & Co., prior to the time plaintiff sold these goods, that the letter of October, 1902, was erroneous and that he (Monroe) was not a member of the McDougall firm.

Monroe could not foresee who would sell to the firm, and if he gave R. G. Dun & Co. notice in reasonable time, to correct its former information to plaintiff before it sold its goods to the McDougalls, Monroe did all he could do, and would not be liable, except for such goods as plaintiff might have sold the firm prior to the expiration of such reasonable time during which R. G. Dun & Co. should have notified plaintiff. This is what is held in *Drewry v. McDougall,* 145 N. C., 286.

The defendant Monroe kept no copy of his alleged letter of correction sent to R. G. Dun & Co., and, to let in parol evidence of its contents, he served notice upon the counsel of plaintiff and also upon the agency of R. G. Dun & Co., at Wilmington, N. C.  An official of the latter answered the subpoena, and testified that the Wilmington office could not produce the letter, because, in 1902, all correspondence of R. G. Dun & Co. from the section in which the defendants lived was sent to the Richmond office.  The counsel of plaintiff averred himself unable to produce the letter, because he was not counsel for R. G. Dun & Co., and had no knowledge

of the matter.   The Court declined to permit the defendant to give oral testimony as to the contents of the letter.

R. G. Dun & Co. were not parties to this action.   They were agents of the plaintiff who furnished it information of Monroe's letter of October, 1892, on which it sold goods to the McDougalls, relying, it asserts, upon Monroe being a partner.   If, before plaintiff sold this bill of goods, Monroe corrected his statement to R. G. Dun & Co., it was their duty to notify the plaintiff in reasonable time.   This is not the case of one who is a partner and who therefore on withdrawal must bring that fact home to those who have dealt with the firm.   Here Monroe having stated he was a partner, when he was not, corrected the error through the same source by which it had been transmitted to the plaintiff.   It was competent for Monroe to put in evidence a copy of the letter if he had kept one.   As he did not, it was competent for him to prove orally its contents, provided he served notice on the opposite party in sufficient time before the trial (as he did here) to produce the original letter to the defendant's agent.

The latter is competent because written to plaintiff's agent. Its proof by oral evidence is admissible only if the opposite party has reasonable notice in time to produce the letter and fails to do so.   Such notice was properly served on the counsel of plaintiff and, it having failed to produce the letter, it was error to exclude oral evidence of its contents.

The notice need not be served, and, in fact, could not be served, on the non-resident agency of R. G. Dun & Co., who are not parties to this action.

Error.